UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Denise Clark,                                                                                   Civ. No. 14-606 (PAM/JJG)

              Plaintiff,

v.                                                                  **MEMORANDUM AND ORDER**

Northland Group, Inc.,

              Defendant.

This matter is before the Court on Defendant's Motion to Dismiss. For the reasons that follow, the Motion is granted in part and denied in part.

**BACKGROUND**

Plaintiff Denise Clark worked at Defendant Northland Group, Inc., from 2010 until October 1, 2012. (Compl. ¶ 5.) Northland is a debt collection agency that "primarily collects defaulted credit card debt for major credit card companies." (Def.'s Supp. Mem. (Docket No. 11) at 2.) Clark alleges that she suffered from medical conditions "including, but not limited to" irritable bowel syndrome, attention deficit disorder, leg cramping, diabetes, neuropathy, and depression. (Compl. ¶ 6.) She contends that Northland knew of her medical conditions but did not reasonably accommodate those conditions.

Clark acknowledges that Northland considered her performance deficient. She faults her inability to meet performance expectations on her medical conditions. (E.g., id. ¶¶ 11, 15, 18.)

In late September 2012, Clark informed Northland that her doctor had recommended that she take medical leave. (Id. ¶ 38.) On Friday, September 28, 2012, Clark met with the human resources department to discuss what paperwork she would need to fill out in order to take medical leave. (Id. ¶¶ 39, 41.) On the following Monday, October 1, 2012, Northland terminated Clark's employment. Clark filed a charge of discrimination with the Minnesota Department of Human Rights on July 25, 2013, alleging that she was "treated differently," "refused reasonable accommodations," and "terminated due to [her] disabilities." (Olson Aff. Ex. 1, ¶ 8.) The charge did not, however, specify those disabilities or more specifically outline the conduct Clark believed was discriminatory. After the MDHR issued a finding of no probable cause, Clark brought this lawsuit.

The Complaint raises claims for disability discrimination under the Minnesota Human Rights Act ("MHRA") and the Americans with Disabilities Act ("ADA"), reprisal discrimination under the MHRA and ADA, and interference and retaliation under the Family and Medical Leave Act ("FMLA").

**DISCUSSION**

Northland raises several challenges to Clark's claims arising out of the ADA and MHRA. First, Northland argues that Clark has failed to state a claim under the ADA and MHRA. Northland also contends that Clark has failed to allege all of the elements of her FMLA claim, making dismissal of that claim appropriate. Finally, Northland contends that this Court should decline to exercise supplemental jurisdiction over Clark's state-law claims and should dismiss those claims without prejudice to allow Clark to pursue those claims in

state court.[1]

## A. Standard of Review

When evaluating a motion to dismiss under Rule 12(b)(6), the Court assumes the facts in the Complaint to be true and construes all reasonable inferences from those facts in the light most favorable to Clark. Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986). However, the Court need not accept as true wholly conclusory allegations, Hanten v. Sch. Dist. of Riverview Gardens, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions that Clark draws from the facts pled. Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990).

When considering a motion to dismiss, the Court ordinarily does not consider matters outside the pleadings. See Fed. R. Civ. P. 12(d). The Court may, however, consider exhibits attached to the complaint and documents that are necessarily embraced by the pleadings, Mattes v. ABC Plastics, Inc., 323 F.3d 695, 697 n.4 (8th Cir. 2003), and may also consider public records. Levy v. Ohl, 477 F.3d 988, 991 (8th Cir. 2007). Northland submitted a plethora of documents to the Court that are not attached to the Complaint and that are not embraced by the pleadings, and the Court has not considered those documents in rendering this opinion.

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545

---

[1] This last contention is curious given that Northland argues for the dismissal of the only claims Clark raises under state law, her claims for disability and reprisal discrimination under the MHRA.

(2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." Id. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under Twombly. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." Twombly, 550 U.S. at 556.

**B.    Failure to State a Claim**

    **1.    ADA/MHRA**

To make out a prima facie case of disability discrimination under the ADA and MHRA, Clark must ultimately establish that she is disabled within the meaning of the ADA or MHRA, that she was qualified to perform her duties with or without reasonable accommodation, and that she suffered an adverse employment action "under circumstances giving rise to an inference of unlawful discrimination." Kiel v. Select Artificials, Inc., 169 F.3d 1131, 1135 (8th Cir. 1999). Because this case is in its early stages and the pending Motion is one for failure to state a claim on which relief can be granted, Clark's only burden is to plead these elements. She has failed to do so.

The ADA defines disability as "a physical or mental impairment that substantially limits one or more of the [individual's] major life activities." 42 U.S.C. § 12102(2)(A). The MHRA's definition is similar, providing in relevant part that a person is disabled if she "has a physical, sensory, or mental impairment which materially limits one or more major life

4

activities." Minn. Stat. § 363A.03, subd. 12. Major life activities include activities such as "caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, working, thinking[,] and concentrating." Stusse v. Von Maur, Inc., No. 08cv1088, 2009 WL 1789379, at *3 (D. Minn. June 23, 2009) (Doty, J.). The "materially limits" standard is less stringent than the "substantially limits" standard. Kirkeberg v. Canadian Pac. Ry., 619 F.3d 898, 907 (8th Cir. 2010). The Minnesota courts have not, however, elaborated as to what the practical difference is between these two standards, and Minnesota courts continue to use the ADA standard for guidance. McLain v. Andersen Corp., 567 F.3d 956, 967 (8th Cir. 2009). Under either standard, courts require a disability discrimination plaintiff to show that she "is restricted in an ability to perform a class of jobs or a broad range of jobs in various classes, as compared to the average person having comparable training, skills, and abilities." Coddens v. SuperValu, Inc., No. A11-837, 2012 WL 34043, at *3 (Minn. Ct. App. Jan. 9, 2012).

The Complaint alleges that Clark "suffered from various medical conditions." (Compl. ¶ 6.) The Complaint also alleges that, because of these conditions, Clark "needs to be able to get up quickly to use the restroom" and that Clark must "get up and walk around her desk several times per day to stretch her legs." (Id. ¶ 8.) The Complaint notably does not allege that any of Clark's medical conditions, alone or in combination, substantially or materially limits any of Clark's major life activities. And the allegations in the Complaint would appear to refute any such conclusion, given that her doctor only required that she be allowed to use the restroom and walk around her desk occasionally. To survive a motion to

dismiss, a complaint must contain "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." Twombly, 550 U.S. at 556.  Absent allegations regarding the extent of her disability, the Complaint does not contain enough facts to raise that expectation.

Clark has failed to allege the elements of her prima facie of discrimination under the ADA and MHRA.  These claims must therefore be dismissed without prejudice.

### 2. FMLA

The FMLA requires certain employers to give their employees up to 12 weeks of leave "[b]ecause of a serious health condition that makes the employee unable to perform the functions of the [employee's] position." 29 U.S.C. § 2612(a)(1)(D).  Employers may not "interfere with, restrain, or deny the exercise of or the attempt to exercise" an employee's FMLA rights, id. § 2615(a)(1), and may not "discharge or in any other manner discriminate against any individual for opposing any practice" the FMLA prohibits.  Id. § 2615(a)(2). Clark's Complaint appears to raise both an interference and a retaliation claim under the FMLA.  See Stallings v. Hussmann Corp., 447 F.3d 1045, 1050 (8th Cir. 2006) (stating that the FMLA encompasses both interference and retaliation claims).

Northland contends that, as with the ADA claim, to state a claim for violation of the FMLA, Clark must allege that she suffered from a serious health condition that made her unable to perform her job.  But this is very much an open question, with circuit courts of appeals in disagreement about whether a plaintiff must be eligible for FMLA leave to claim FMLA retaliation.  See Johnson v. Dollar General, 880 F. Supp. 2d 967, 991-994 (N.D. Iowa

2012) (discussing cases and concluding that such an allegation is not required under the FMLA). The Eighth Circuit has not weighed in on the issue.

In <u>Johnson</u>, Judge Bennett determined that an allegation of disability was not required because the FMLA is an employer retaliating against an employee who asks for FMLA leave, not merely an employee who is actually eligible for such leave. <u>Id.</u> Here, Clark alleges that she asked for FMLA leave and was fired. This is a sufficient allegation at this stage; whether she can establish the factual basis for her retaliation claim, and whether she must ultimately prove that she was actually entitled to FMLA leave because she suffered from a serious health condition, is a matter for summary judgment or trial, not a motion to dismiss.

In contrast, Clark must allege that she was entitled to FMLA leave in order to plead a prima facie case of interference under the FMLA. This is so because an interference claim requires Clark to prove "that [her] employer denied her a benefit <u>to which she was entitled</u> under the FMLA." <u>Lovland v. Employers Mut. Cas. Co.</u>, 674 F.3d 806, 811 (8th Cir. 2012) (emphasis added). Clark's failure to allege that she suffered from a serious health condition that rendered her unable to perform her job functions means that her FMLA interference claim must be dismissed without prejudice.

Because Clark may re-plead these claims, the Court will also discuss Northland's alternative bases for its Motion below.

**B.     Statute of Limitations**

The ADA and MHRA require that Clark must file a charge of discrimination with the Equal Employment Opportunity Commission or analogous state or local agency before she

can file suit.  An ADA charge must be filed within 300 days of the alleged discrimination.  Henderson v. Ford Motor Co., 403 F.3d 1026, 1032 (8th Cir. 2005).  An MHRA charge must be filed within one year of the discrimination.  Id.  Clark filed a charge with the MDHR on July 25, 2013.  Thus, according to Northland, any alleged discrimination that occurred before September 28, 2012, which is 300 days before Clark filed the charge, is time-barred and may not serve as the basis for Clark's claims.

Clark points out that, even under Northland's theory, her request for medical leave on September 28, 2012, as well as her termination on October 1, 2012, are within the statute of limitations for her ADA claims.  And her MHRA claims are timely to the extent they arose on or after July 25, 2012.  But she contends that the discrimination she suffered was a continuing violation, warranting tolling of the statute of limitations for untimely discriminatory acts because those acts relate to acts that occurred within the statute of limitations.

Clark recognizes that the Supreme Court has sharply curtailed the use of the continuing violation theory for discrimination claims but she contends that "[a]n ongoing failure to accommodate can, in some circumstances, lead to a continuing violation."  (Pl.'s Opp'n Mem. (Docket No. 16) at 3.)  In support of this proposition, Clark cites a California Supreme Court case, while acknowledging that at least one Judge in this District has held the opposite.  See Radcliffe v. Securian Fin. Grp., Inc., 906 F. Supp. 2d 874, 885 (D. Minn. 2012) (Nelson, J.).

A continuing violation means that there was a "continuing pattern [of] discriminatory acts occurring over a period of time." Id.. The "actions that fall outside the statute of limitations must be related to violative acts [that] occurred within the statutory period." Id. (emphasis omitted). In addition, "[d]iscrete acts such as termination, failure to promote, denial of transfer, or refusal to hire . . . constitute[] a separate actionable 'unlawful employment practice.'" Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 114 (2002). Such discrete acts cannot form the basis for a continuing violation theory. Id.

Clark's Complaint does not allege a continuing violation. Rather, she complains of a series of discrete acts, such as being reprimanded for her absences from her desk and being moved to a desk in a noisy area, that were taken by different managers, and that are not related to the discrete discriminatory acts that she alleges occurred within the limitations period. Any ADA claim arising out of actions that occurred before September 28, 2012, is therefore time-barred, and any MHRA claim arising out of actions occurring before July 25, 2012, is likewise barred by the statute of limitations.

**C.   Failure to Exhaust Administrative Remedies**

There is no exhaustion requirement for the MHRA, and thus Northland's argument regarding exhaustion applies only to Clark's ADA claims. Minn. Stat. § 363A.23, subd 3; see also St. Martin v. City of St. Paul, 680 F.3d 1027, 1034 (8th Cir. 2012) ("In contrast to his ADA claim, [plaintiff] need not exhaust his administrative remedies [for his MHRA claim] so long as he files an administrative charge or brings a lawsuit within one year of the alleged discrimination.").

The exhaustion requirement means that a complaint must not "encompass allegations outside the ambit of the predicate EEOC charge." Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 223 (8th Cir. 1994). The Court must construe the charge liberally "[t]o determine whether an allegedly discriminatory action falls within the scope of a claim." Dorsey v. Pinnacle Automation, Inc., 278 F.3d 830, 838 (8th Cir. 2002). "Accordingly, the sweep of any subsequent judicial complaint may be as broad as the scope of the EEOC investigation which could reasonably be expected to grow out of the charge of discrimination." Cobb v. Stringer, 850 F.2d 356, 359 (8th Cir. 1988) (quotation omitted).

Clark's MHRA charge is even more vague than her Complaint here. She alleges that she is a "female with disabilities," that "[i]n April 2012, [she] made [Northland] aware that I had been diagnosed with disabilities," that she "request[ed] reasonable accommodations," and that she was treated differently than other employees who were not disabled. (Olson Aff. Ex. 1, at 1.) The charge also alleges that she requested FMLA leave and a reduction in hours "because of [her] disabilities" and that she was thereafter terminated "due to [her] disabilities and/or being regarded as disabled or because [she] had a record of a disability." (Id. at 2.) In addition, she contends that she was refused reasonable accommodations and was terminated "immediately after [she] noticed [Northland] of [her] forthcoming disability-related leave." (Id.)

Northland argues that Clark must be limited in this lawsuit to the alleged disabilities of irritable bowel syndrome and leg cramps because, according to Northland, these are the only disabilities she told Northland about in April 2012. But this is a dispute that is beyond

10

the scope of the Complaint. The Court cannot examine the underlying—and as-yet-undeveloped— factual record to determine whether Northland's contentions are correct. This portion of Northland's Motion must be denied.

Northland also argues that Clark did not complain about any alleged retaliation in her MDHR charge and thus that her retaliation claim should be dismissed. But construing the charge liberally, Clark alleges that she was terminated after asking for FMLA leave. This is the essence of a claim of retaliation. She has not failed to exhaust her remedies on her FMLA retaliation claim.

Northland's assertion that Clark failed to exhaust her remedies is premature.

**CONCLUSION**

Clark has failed to properly plead the elements of her claims under the ADA and MHRA and her interference claim under the FMLA. In addition, she has not pled a continuing violation and thus the statute of limitations has expired on any ADA claim arising out of actions taken more than 300 days before she filed her charge of discrimination, and on her MHRA claims that arose more than one year before that charge.

Accordingly, **IT IS HEREBY ORDERED that**:

1. Defendant's Motion to Dismiss (Docket No. 10) is **GRANTED in part** and **DENIED in part**,

2. Plaintiff's ADA, MHRA, and FMLA interference claims are **DISMISSED without prejudice**; and

3.   Plaintiff's ADA claims arising more than 300 days before July 25, 2013, and MHRA claims arising more than one year before July 25, 2013, are **DISMISSED with prejudice**.

Dated: <u>August 4, 2014</u>

<u>*s/ Paul A. Magnuson*</u>
Paul A. Magnuson
United States District Court Judge